By the Court.
'By the 6th section of the act of March 14, 1853, “ to provide for the reorganization, supervision and maintenance of common schools ” (Swan & Critchfield’s Stat. 1348), the local directors of each subdistrict are authorized and required “ to employ teachers, to certify the amount due them for services to the township clerk, who shall draw an order on the township treasurer for the amount,” etc. And by the 24th section of said act, as amended April 17, 1857 (Swan & Critchfield’s Stat. 1354-5), thé disbursement of school funds is required to be “ on the order of the clerk of the board of education, under the direction of the board, except in paying teachers for their services, the said clerk may, on such teachers presenting their certificates of qualification,, and depositing with the clerk true copies thereof, draw the requisite orders on the treasurer for such amount as may have been certified to be due by any two of the local directors of the proper subdistrict in which the teacher was em- ' ployed,” etc.
The authority and duty thus conferred by the statute upon the local directors, to employ teachers and certify the amount due them for services, can not be controlled or interfered with by any order, resolution or rule of the township board fixing a maximum compensation not to be exceeded by the *327 local directors in employing teachers in any subdistrict. Therefore, where a township board entered an order that teachers should not be employed by the local directors at a greater compensation than $20 per month, and the local directors employed a teacher at a compensation of $30 per month, and certified the amount due to him for his services at that rate, to the township clerk, it became the duty of the township clerk to draw an order upon the township treasurer in conformity with such certificate of the local directors.
S. Burke, for the relator.
Sheldon & Smith, for defendant.
Peremptory mandamus awarded accordingly.